108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
20TH CENTURY INSURANCE COMPANY, a corporation Plaintiff,
v.
UNITED STATES of America; Hyun Sook Won; Edward T. Won,
Defendant-Appellees,
Joel Drum, Real party in interest-Appellant.
 No. 94-56462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided March 11, 1997.
 
 Before: SKOPIL, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney Joel Drum appeals the district court's imposition of monetary sanctions in the amount of $500 for failing to timely file a joint status report. We reverse.
 
 
 3
 Drum represented 20th Century Insurance Company in an action for subrogation recovery which was filed on March 2, 1994. The district court issued an order scheduling a status conference for July 12, 1994, and, pursuant to Local Rule 6.4.2. ordered that the parties file a joint status report at least 10 days before the status conference. Drum failed to file the report until July 12, 1994, the day the conference was scheduled.
 
 
 4
 Drum failed to appear at the conference, instead sending an attorney who knew little of the case. The court then threatened to issue an order to show cause why Drum should not be sanctioned for failure to file the status conference memorandum unless the substitute attorney agreed to stipulate to the imposition of a $250 sanction. The substitute attorney refused. An order to show cause was then issued as to why the action should not be dismissed for failure to prosecute. Although the response Drum filed was rejected for failure to provide adequate proof of service, he was given the opportunity to reiterate its contents at the hearing on sanctions. The monetary sanction was then imposed.
 
 
 5
 The district court sanctioned counsel for filing a late report in violation of a local rule. This court held in Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir.1989) that "absent gross negligence, reckless, or willful conduct, monetary penalties ... cannot be fairly levied against counsel for a violation of the local rules." Counsel's conduct appears to have constituted no more than simple negligence, and the district court made no finding of "gross negligence, reckless, or willful conduct." Accordingly, we reverse.
 
 
 6
 REVERSED.
 
 SKOPIL, Circuit Judge, dissenting:
 
 7
 The majority asserts that Drum's failure to comply with the district court's order was the result of "no more than simple negligence." I cannot agree. When the district court gave Drum the opportunity to explain his violation in open court, the only argument he made was that a status report was unnecessary because the district court already had everything it needed to assess the status of the case. This determination is not the attorney's to make. Further, if inferences are to be drawn, the very nature of this argument leads me to believe that Drum knew full-well that he was disobeying a court order; he just felt the order was unnecessary. In my view, Drum's conduct wreaks of willfulness, not inadvertence. At the very least, the district judge was certainly in a better position to assess the attorney's mental state than are we, reviewing a cold record.
 
 
 8
 The obvious purpose of the district court's local rules is to provide orderly and efficient process to all litigants. "[W]hen lawyers and litigants ignore the procedures established by the court, they invite delay and conflict into the courtroom." Zambrano v. City of Tustin, 885 F.2d 1473, 1484 (9th Cir.1989). Drum's willful violation of a court order and local rule intended to facilitate expeditious resolution of disputes threatened the integrity of the court's docket. I cannot subscribe to the majority's position that the district court was powerless to do anything about it. I would affirm the district court's imposition of sanctions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3